# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFERY D. SLOCUM, | Case No. 2:16-cv-02169-JAD-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| BRIAN WILLIAMS, SR. et al., | |
| Defendants. | |

Presently before the Court is pro se incarcerated Plaintiff Jeffery D. Slocum's motion for an order to correct (ECF No. 29), filed on December 18, 2017. Defendants filed a response (ECF No. 33) on January 2, 2018. Plaintiff did not file a reply.

Also before the Court is Plaintiff's motion to produce names of defendants (ECF No. 30), filed on December 27, 2017. Defendants filed a response (ECF No. 34) on January 9, 2018. Plaintiff did not file a reply.

Also before the Court is Plaintiff's motion for appointment of counsel (ECF No. 31), filed on December 29, 2017. No response has been filed.

Also before the Court is Plaintiff's motion to amend complaint (ECF No. 42), filed on March 8, 2018. Defendants filed a response (ECF No. 44) on March 16, 2018, and Plaintiff filed a reply (ECF No. 46) on March 22, 2018.

**I.     Motion to Correct**

Plaintiff moves the Court to "correct its false information on Defendant R. Thompson." Plaintiff alleges that counsel for Defendants has falsely claimed that Mr. Thompson is no longer employed by the Nevada Department of Corrections ("NDOC"), and asks that the Court order Defendants' counsel to submit the "true identity and facts of employment of Defendant C/O R. Thompson."

Counsel for Defendants acknowledges that, when he first spoke with Plaintiff about Defendant Thompson, he believed that Mr. Thompson was no longer employed by NDOC, but argues that, upon Plaintiff's suggestion to the contrary, counsel made further inquiries with NDOC and identified an employee named Ronnie Thompson, and provided his address to the Court under seal for service. Defendants argue that Plaintiff personally served Ronnie Thompson on December 12, 2017, and Mr. Thompson is now being represented by the Office of the Attorney General. The Court has issued a sealed summons as to Mr. Thompson (ECF No. 27). Given Defendants representations, and the executed summons, it appears that any inaccuracy regarding Mr. Thompson has been addressed, and there is no correction to be made. The Court will therefore deny this motion.

## II.     Motion to Produce Names of Defendants

Plaintiff moved on December 18, 2017 for the Court to order Defendants to produce the contact information for the Defendants named in Plaintiff's complaint. Plaintiff brings this motion under Fed. R. Civ. P. 26(a)(1)(A)(i), which governs the duties of parties to make initial disclosures of each individual likely to have discoverable information. However, as made clear in Rule 26(a)(1)(A) and 26(a)(1)(B), actions brought without an attorney by an incarcerated person are not subject to the initial disclosure argument. Plaintiff's request must therefore be brought during the discovery period via a discovery request. At the time of this motion, the Court had not yet entered a scheduling order, so the motion is premature. The Court will therefore deny this motion.

## III.     Motion for Appointment of Counsel

Plaintiff also moves for appointment of counsel for this case. However, civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d

1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

Here, Plaintiff argues that he is unable retain counsel despite diligent attempts to do so. Plaintiff also argues that because he is incarcerated, he is at a disadvantage because he is not able to review his own medical records, or review electronic or digital media, which he argues will be very important to this case. Plaintiff also argues that since he is not a legal expert, he would benefit from appointment of counsel. However, as noted above, the inherent difficulty of proceeding pro se do not by themselves constitute exceptional circumstances. Plaintiff has not articulated any reason why his claims are especially complex, or demonstrated that he is likely to prevail on the merits of his claims. The Court will therefore deny this motion.

**IV.   Motion to Amend Complaint**

Finally, Plaintiff moves to amend his complaint to add NDOC as a defendant as well as a corrections officer at Southern Desert Correctional Center named "Allen." "The standard for granting leave to amend is generous." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 701 (9th Cir. 1990). A party may amend its pleading once as a matter of course within a limited timeframe after filing. After that, a party may amend its pleading with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires. Fed. R. Civ. P. Rule 15(a)(2). "The Court considers five factors in assessing the propriety of leave to amend—

bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). When a court can "conceive of facts that would render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct the defect," an amendment should not be found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks and citations omitted).

Here, there is no allegation of delay, bad faith, futility, or previous amendments. Defendants do not explicitly argue that they would be prejudiced by granting leave to amend, but instead argue that because the pending motions to dismiss (ECF Nos. 23 and 35) would be unaffected by Plaintiff's proposed amendments, the Court should postpone its decision on the motion to amend until after the motion to dismiss has been decided. Defendants argue that this would serve the interests of efficiency and promote judicial economy. They further argue that issues of qualified immunity, which they represent are the basis of the pending motions to dismiss, should be resolved at the earliest possible stage of litigation. However, the Court is unconvinced that granting leave to amend the complaint would constitute prejudice to Defendants, or that the issues of qualified immunity would be substantively delayed. The scheduling order (ECF No. 37) in this case sets the deadline to join parties or amend as April 13, 2018, so the motion is timely. Further, postponing the Court's decision on Plaintiff's motion until resolution of the motions to dismiss would amount to an indefinite stay, and Defendants have not shown that such a stay is warranted at this point. The Court will therefore grant Plaintiff's motion for leave to amend.

Plaintiff is advised that if he files an amended complaint, the original complaint no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

//

//

**V. Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's motion for an order to correct (ECF No. 29) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to produce names of defendants (ECF No. 30) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 31) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to amend (ECF No. 42) is GRANTED. Plaintiff's amended complaint is due no later than 21 days from the date of this order.

DATED: April 3, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE