# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFERY D. SLOCUM,<br><br>               Plaintiff,<br><br>     v.<br><br>GLENN FOWLER, et al.,<br><br>               Defendants. | Case No. 2:16-cv-02169-JAD-CWH<br><br>**ORDER** |

Presently before the court is defendants Glenn Fowler and Ronnie Thompson's motion to stay discovery (ECF No. 39), filed on February 16, 2018. Plaintiff Jeffery D. Slocum filed a response (ECF No. 40) on February 28, 2018. Defendants filed a reply (ECF No. 41) on March 2, 2018.

Also before the court is defendants' motion for extension of time to respond to discovery requests (ECF No. 47), filed on April 3, 2018. Plaintiff filed a response (ECF No. 49) on April 16, 2018, and defendants replied (ECF No. 52) on April 23, 2018.

Also before the court is plaintiff's motion to compel discovery (ECF No. 50), filed on April 16, 2018. Defendants filed a response (ECF No. 53) on April 30, 2018. Plaintiff did not file a reply.

Also before the court is defendants' motion for clarification (ECF No. 54), filed on May 16, 2018. Plaintiff did not file a response.

## I. BACKGROUND

Plaintiff, a pro se prisoner incarcerated at Southern Nevada Correctional Center, brings this civil rights case under 42 U.S.C. § 1983, alleging Eighth Amendment violations. (Compl. (ECF No. 5).) Plaintiff alleges that a flood in "the top tier of his unit" caused "fecal water" to pool in his cell. (*Id.*) Correctional officers walked through the unit and commented on or

1 laughed about the situation, and did not attempt to clean up the mess. (*Id.*) Plaintiff claims that

2 as a result of the flood, he slipped and fell. (*Id.*) Unable to move, plaintiff pushed the emergency

3 call button for help. (*Id.*) Plaintiff yelled for help, and received no assistance. (*Id.*) Other

4 inmates then assisted plaintiff by pushing their emergency buttons to alert authorities. (*Id.*) An

5 hour after plaintiff's fall, correctional officers responded to assist plaintiff. (*Id.*) While plaintiff

6 received medical assistance, correctional officers videotaped plaintiff, mocked him, and at one

7 point an officer stomped his boot to splash water on him. (*Id.*) Plaintiff was transported to the

8 hospital and treated for severe spinal contusions. (*Id.*) Unable to walk, plaintiff was confined to

9 a wheel chair for nine days. (*Id.*)

10       This court screened plaintiff's complaint, identifying three cognizable claims under the

11 Eighth Amendment. (Screening Order (ECF No. 4).) Defendant Fowler, joined by defendant

12 Thompson, moved to dismiss counts one and two of plaintiff's complaint. (Mot. to Dismiss (ECF

13 No. 23); Joinder (ECF No. 32).) Defendant Thompson subsequently moved to dismiss count

14 three of plaintiff's complaint. (Mot. to Dismiss (ECF No. 35).) Defendants now move to stay

15 discovery pending the resolution of the motions to dismiss. (Mot. to Stay (ECF No. 39).)

16       After defendants moved to dismiss and to stay discovery, plaintiff then moved to amend

17 the complaint to name the Nevada Department of Corrections ("NDOC") as a defendant, and to

18 identify one of the John Doe defendants. (Mot. to Amend (ECF No. 42).) Before the court could

19 rule on plaintiff's motion, and without leave of court, plaintiff filed a proposed amended

20 complaint. (Am. Compl. (ECF No. 45).) The proposed amended complaint named the NDOC as

21 a defendant, identified the Doe defendant as Officer Allen, and contained nine additional claims.

22 (*Id.*) The court subsequently granted plaintiff's motion to amend, permitting plaintiff to name the

23 NDOC as a defendant and identify the Doe defendant, but not to add additional claims. (Order

24 (ECF No. 48).) Defendants now seek clarification on the operative complaint. (Mot. for

25 Clarification (ECF No. 54).)

26       Defendants also move to extend the deadline to respond to plaintiff's discovery requests.

27 (Mot. to Extend Time (ECF No. 47).) Plaintiff opposes defendants' motion to extend and moves

28 to compel discovery from defendants. (Resp. (ECF No. 49); Mot. to Compel (ECF No. 50).)

## II. DISCUSSION

### A. Motion to Stay Discovery

Defendants move to stay discovery deadlines pending the resolution of their motions to dismiss, arguing that the motions to dismiss are potentially dispositive because defendants are entitled to qualified immunity. Further, defendants argue that additional discovery is unnecessary for the court to rule on the issue of qualified immunity. Plaintiff responds that defense counsel is attempting to hide evidence, and that discovery is necessary to overcome defendants' qualified immunity affirmative defense. Plaintiff adds that additional discovery, such as defendants' job titles, description of their duties, and administrative procedures, would allow plaintiff to defeat defendants' qualified immunity argument.

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (affirming the trial court's stay of discovery until the issue of immunity was resolved). When evaluating whether to stay discovery, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted). However, a pending motion to dismiss does not automatically warrant a stay of discovery. *Id.* at 601. Discovery may be stayed if the "court is convinced that the plaintiff will be unable to state a claim for relief." *Id.* "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (citation omitted). A stay is appropriate where the dispositive motion raises jurisdiction, venue, or immunity issues. *Ministerio Roca Solida v. United States Dept. of Fish and Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013).

In determining whether to stay discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case or of an issue in which discovery is sought, and (2) whether the motion can be decided without additional discovery. *Tradebay*, 278 F.R.D at 602-03. Applying this two-prong test requires the court to take a preliminary peek at the merits of the potentially dispositive motion. *Id.*

1      A qualified immunity defense shields government officials from civil liability "insofar as

2  their conduct does not violate clearly established statutory or constitutional rights of which a

3  reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An

4  official's conduct violates clearly established law, "when the contours of a right are sufficiently

5  clear that every reasonable official would have understood that what he is doing violates that

6  right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (internal quotations omitted) (internal

7  brackets omitted) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The unlawfulness of

8  the action itself must be apparent, "in light of preexisting law." *Id.* The defense is an immunity

9  to suit "rather than a mere defense to liability . . . ." *Pearson v. Callahan*, 555 U.S. 223, 231

10  (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The purpose of qualified

11  immunity balances the interest of holding officials accountable while shielding officials from

12  "harassment, distraction, and liability when they perform their duties reasonably." *Id.* Once the

13  issue of qualified immunity is raised, the court must exercise its discretion to protect the

14  substance of the qualified immunity defense, and to prevent subjecting officials to "unnecessary

15  and burdensome discovery." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

16      Here, defendants contend that as prison officials they are entitled to qualified immunity,

17  and that no established law required defendants to clean the water in plaintiff's unit. The Ninth

18  Circuit has stated that "slippery prison floors. . . do not state even an arguable claim for cruel and

19  unusual punishment." *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (quoting *Jackson v.*

20  *Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (superseded on other grounds)). However, there is an

21  exception in cases where the prison official was aware of the inmate's physical limitation, making

22  the slippery floor likely to cause an injury. *See Frost v. Agnos*, 152 F.3d 1124, 1128-30 (9th Cir.

23  1998) (where prison officials failed to provide an accessible shower to a handicapped inmate who

24  had experienced several prior falls). While plaintiff alleges that defendants violated the Eighth

25  Amendment by failing to clean the pool of water in his cell, slippery floors do not violate clearly

26  established law. *See Jackson*, 885 F.2d at 641. Further, plaintiff has not alleged that defendants

27  had prior knowledge of a physical limitation that would state a violation under the recognized

28  exception. *See Frost*, 152 F.3d at 1128-30.

1        Next, defendants argue that Thompson's failure to respond to the call button is not a

2    constitutional violation reasonably known to Thompson at the time of the incident.  The Ninth

3    Circuit has held that deliberate indifference can be shown where prison officials delay or

4    intentionally interfere with medical treatment. *Hutchinson v. United States*, 838 F.2d 390, 394

5    (9th Cir. 1988).  In this context, deliberate indifference to a serious medical need, in violation of

6    the Eighth Amendment, is more than an inadvertent or negligent failure to provide medical care.

7    *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105

8    (1976)).  Here, plaintiff claims that defendant Thompson did not respond to the emergency call

9    button for 60 minutes following plaintiff's fall.  While deliberate indifference to a serious medical

10   condition is clearly established law, Thompson's 60-minute delay in responding to the emergency

11   call button is not, absent a showing of intent.

12       The court has taken a preliminary peek at defendants' motions to dismiss and finds that

13   defendants have demonstrated that the motions to dismiss are potentially dispositive.  As to the

14   second prong, the court has determined that no additional discovery is needed to resolve the

15   motions to dismiss.  While plaintiff argues that additional discovery is necessary to overcome

16   qualified immunity, defendants' underlying motions to dismiss raise questions of law that the

17   court may address without discovery. *Mitchell*, 472 U.S. at 530.  Further, whether plaintiff's

18   complaint states a cognizable Eighth Amendment claim is also not a question that requires

19   discovery for the court to resolve.  The court in its discretion therefore stays discovery pending

20   the resolution of defendants' motions to dismiss. *See Mitchell*, 472 U.S. at 526.

21       **B.    Motion to Extend Time**

22       Defendants move the court to extend the deadline to respond to plaintiff's discovery

23   request until 30 days following the court's ruling on the motion to stay discovery.  Defendants

24   argue that the pending motion to stay is good cause to extend the deadline to respond to plaintiff's

25   request for discovery.  Plaintiff responds, reiterating his allegations against defendants and argues

26   that delaying discovery would disadvantage him.

27       Local Rule 26-4 provides that motions to extend any date set by the discovery plan and

28   scheduling order must, "in addition to satisfying the requirements of LR IA 6-1, be supported by

1  a showing of good cause for the extension." LR 26-4.  Motions or stipulations to extend

2  deadlines must be made "no later than 21 days before the expiration of the subject deadline." *Id.*

3  The good cause standard under Local Rule 26-4 is identical to the modification of a scheduling

4  order under Federal Rule of Civil Procedure 16(b).  The good cause standard considers the

5  diligence of the party or parties seeking the extension. *Johnson v. Mammoth Recreations, Inc.*,

6  975 F.2d 604, 609 (9th Cir. 1992).  While prejudice to the opposing party may support denying a

7  motion to extend, the court's primary focus is the moving party's motives for the modification.

8  Here, the court finds that good cause exists to extend the deadline.  Defendants filed a

9  motion to stay discovery well before the court-ordered discovery deadline.  Defendants then filed

10 this motion to extend discovery before the close of discovery.  Thus, the court finds that

11 defendants have demonstrated diligence in seeking to extend the discovery deadline.  The court

12 will therefore grant defendants' motion to extend.  Given that the court has granted defendants'

13 motion to stay discovery, defendants' responses to plaintiff's discovery requests are due 30 days

14 following the court's ruling on the motions to dismiss.

15 **C.      Motion to Compel**

16 Plaintiff moves to compel discovery from defendants.  Defendants respond that plaintiff's

17 motion should be denied for failure to comply with Federal Rules of Civil Procedure 37(a)(1).

18 Under Rule 37(a)(1), a motion to compel must include a certification that the movant has in good

19 faith conferred or attempted to confer with the other party to resolve the dispute without court

20 action.  Fed. R. Civ. P. 37(a)(1).  Additionally, Local Rule 26-7(c) provides that:

21
22      discovery motions will not be considered unless the movant (1) has made a good
        faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion,
        and (2) includes a declaration setting forth the details and results of the meet-and-
        confer conference about each disputed discovery request.
23

24 The Local Rules permit an incarcerated individual appearing pro se to satisfy the meet-and-confer

25 requirement through written communication. *See* LR IA 1-3(f)(1).  Here, plaintiff does not

26 include a certification that the parties met and conferred.  Further, defendants indicate that

27 plaintiff did not attempt to meet and confer with defendants on this matter.  Therefore, the court

28 will deny plaintiff's motion to compel without prejudice for failing to meet and confer.

**D.      Motion for Clarification**

Defendants move to clarify which complaint is operative in this case: plaintiff's original complaint, which was screened by the court, or his proposed amended complaint, which was filed without court authorization.  Local Rule 7-2(g) states that:

> Supplementation is prohibited without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court.

Given that plaintiff filed an amended complaint before granted leave to do so, and that the amended complaint does not comply with the court's order, the court will strike the amended complaint.  If plaintiff wishes to make any additional amendments to the complaint, he must first seek leave of the court.  Thus, the operative complaint is plaintiff's original complaint (ECF No. 5).

**III.      CONCLUSION**

IT IS THEREFORE ORDERED that defendants' motion to stay discovery (ECF No. 39) is GRANTED.  Discovery is temporarily stayed until the court decides the pending motions to dismiss.

IT IS FURTHER ORDERED that defendants' motion to extend time (ECF No. 47) is GRANTED.  Defendants' response to plaintiff's discovery request are due 30 days from the date of the court's order resolving the pending motions to dismiss (ECF Nos. 23, 35).

IT IS FURTHER ORDERED that plaintiff's motion to compel (ECF No. 50) is DENIED without prejudice.

IT IS FURTHER ORDERED that defendants' motion for clarification (ECF No. 54) is GRANTED as set forth above.

IT IS FURTHER ORDERED that the clerk of court must STRIKE plaintiff's amended complaint (ECF No. 45).

DATED:  September 18, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE